IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DONALD L. RUIS, JR., and<br>REGINA D. RUIS,<br><br>    Plaintiffs,<br><br>VS.<br><br>DEPUTY SHERIFF DANNY<br>BROWNING, et al.,<br><br>    Defendants. | No. 04-1235-T-An |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This action was removed from the Circuit Court of Weakley County, Tennessee, on September 23, 2004. On June 14, 2005, Defendants filed a motion to compel discovery responses. Plaintiffs did not respond to the motion. The court granted the motion in an order entered on July 22, 2005. The court awarded Defendants $250 in attorney fees and costs as a sanction against Plaintiffs. Plaintiffs were given eleven days to submit their discovery responses and were warned that failure to comply could result in the dismissal of the action. On August 24, 2005, Defendants filed a motion to dismiss the action on the ground that Plaintiffs have not complied with the order of July 22, 2005. Plaintiffs have not responded to the motion to dismiss. For the reasons set forth below, Defendants' motion is GRANTED, and the action is hereby DISMISSED.

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) [a]n order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. . . .

"Dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith, or fault." Regional Refuse Systems, 842 F.2d 150, 154 (6th Cir. 1988) (citing Patton v. Aerojet Ordinance Co., 765 F.2d 604, 607 (6th Cir. 1985)).

Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." This measure is available to the court as a tool to effect "management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." Knoll v. American Telephone & Telegraph Co., 176 F.3d 359, 363 (6th Cir. 1999) (quoting Matter of Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir.1984)). A court should consider the following factors in assessing whether to grant a motion to dismiss a complaint under Rule 41(b): (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Harmon v. CSX Transportation, Inc.,

110 F.3d 364, 366-67 (6th Cir.), *cert. denied*, 522 U.S. 868 (1997) (citations and quotations omitted).

Given the fact that Plaintiffs have failed to (1) comply with Defendants' initial discovery requests; (2) respond to the motion to compel discovery; (3) obey the order granting the motion to compel discovery; and (4) respond to the motion to dismiss, the court must assume that Plaintiffs' conduct is due to "wilfulness, bad faith, or fault." Plaintiffs have chosen not to participate in the litigation. Moreover, they have previously been warned that failure to cooperate would lead to the dismissal of the action. Additionally, the "less drastic sanction" of awarding Defendants their attorney fees and costs has been tried, but to no avail. Finally, trial is set for December 5, 2005. Defendants will not be able to prepare for trial without Plaintiffs' responses. Therefore, dismissal of the action is appropriate.

In summary, Defendants' motion to dismiss is GRANTED, and the action is DISMISSED.[1] The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

*/s/ James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

3 October 2005
DATE

---

[1] Defendants have asked the court to specifically state that the dismissal of the action is an adjudication on the merits. Fed. R. Civ. P. 41(b) provides that, unless the court "otherwise specifies," an involuntary dismissal, other than a dismissal for lack of jurisdiction, improper venue, or failure to join a party under Rule 19, "operates as an adjudication upon the merits."

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 19 in case 1:04-CV-01235 was distributed by fax, mail, or direct printing on October 4, 2005 to the parties listed.

---

Pam Belew
CIRCUIT COURT CLERK
Weakley County Courthouse
P.O. Box 28
Dresden, TN 38225

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Brandon O. Gibson
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Richard B. Fields
LAW OFFICE OF RICHARD B. FIELDS
688 Jefferson Ave.
Memphis, TN 38105--193

Honorable James Todd
US DISTRICT COURT